IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND § <br> PETITION OF RLB CONTRACTING, § <br> INC. AS OWNER OF THE JONATHON § <br> KING BOYD, ITS ENGINES, GEAR, § <br> TACKLE, ETC. IN A CAUSE FOR § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | Civil Action No. \_\_\_\_\_ <br><br> (ADMIRALTY – Pursuant to Rule 9(h)) |

**COMPLAINT AND PETITION FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioner, RLB Contracting, Inc. as owner of the Dredge JONATHON KING BOYD its engines, gear, tackle, etc. in a cause for exoneration from or limitation of liability, civil and maritime, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and in support thereof would respectfully, show the Court the following:

I.

Petitioner RLB Contracting, Inc. is and at all material times hereinafter mentioned was a corporation organized under the laws of the State of Texas. Petitioner was at all material times hereto the owner of the Dredge JONATHON KING BOYD, its engines, gear, tackle, etc.

II.

Prior to and at all times hereinafter described, Petitioner exercised due diligence to make and maintain the JONATHON KING BOYD, its engines, gear, tackle, etc., in all respects seaworthy and, at all times material hereto, each was, in fact and when applicable, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and

furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

III.

The JONATHON KING BOYD commenced a voyage on or about June 30, 2014 in the Houston Ship Channel[1] work was completed on January 27, 2015. The JONATHON KING BOYD then undertook several other small jobs and when those jobs were completed she began a voyage which was completed on July 6, 2015 when the vessel docked in Port O'Connor, Texas. During the course of said voyage, Manuel Garcia III allegedly sustained injuries on July 2, 2015, for which he claims damages of more than $2,000,000. The JONATHON KING BOYD then received a Notice to Proceed on the Brownsville Ship Channel project and began that voyage on July 15, 2015.

IV.

The value of Petitioner's interest in the JONATHON KING BOYD and KS 334 spud barge (collectively hereafter "JONATHON KING BOYD") at the end of the above-described voyage did not exceed NINE HUNDRED FIFTEEN THOUSAND and NO/100 DOLLARS ($915,000.00). (See Ex. A-1 and A-15).

---

[1] The JONATHON KING BOYD was subject to a recently dismissed action *In Re RLB Contracting*; Cause No. 15-cv-00055; In the U.S. District Court for the Southern District of Texas, Houston Division (J. Werlein, Jr.) which covered the actual work portion of the Houston Ship Channel contract and in this present action Manuel Garcia III's incident occurred during the voyage after the completion of the Houston Ship Channel project but before the Brownsville Ship Channel project was initiated by the Notice to Proceed.

V.

The aforesaid incident resulted through no fault on the part of the JONATHON KING BOYD. The JONATHON KING BOYD was, at all material times, being operated in a safe and proper manner and was in all respects seaworthy. Petitioner reserves the right to supplement and amend the foregoing Article as additional facts are adduced.

VI.

The aforesaid incident and resulting losses, damages and injuries, if any, were neither caused nor contributed to by any fault of neglect on the part of Petitioner, nor anyone for whose acts Petitioner is or may be responsible, but on the contrary, were caused solely by the fault and neglect of parties and/or vessels for whose actions Petitioner is not responsible and/or conditions beyond Petitioner's control.

VII.

Petitioner denies that it or the JONATHON KING BOYD or any other persons or property for whom or for which it may be responsible are liable to any extent in the premises. Petitioner specifically denies any and all liability for any claims for loss, damage, injury or destruction occasioned by or resulting from the matters and happenings recited above and avers that it has a valid defense to any such claims. Petitioner desires to contest its liability for any such claims and, therefore, shows that it is entitled to a decree exonerating it from liability. Petitioner further shows that any and all losses, damages, injuries and destructions as aforesaid were done, occasioned and incurred without fault on the part of Petitioner and without its privity and knowledge, actual or imputed. Should this Honorable Court, however, adjudge that Petitioner is liable to any extent in the premises, then Petitioner claims the benefit of the limitation of liability provided in the Shipowner's Limitation of Liability Act of 1851, 46 U.S.C.

§§ 30501, *et seq.*, and Supplemental Rule F of the Federal Rules of Civil Procedure and all statutes amendatory thereof and supplementary thereto.

VIII.

The vessel JONATHON KING BOYD has not been arrested or attached within six (6) months after the Petitioner received the first written notice of any claim, and this limitation action was filed within six months of the Petitioner first receiving notice of the claim.

IX.

Nothwithstanding the fact that the alleged injury, loss and destruction and damages described herein, if any, and which in all respects are denied, were done, occasioned, and incurred without the fault, design, neglect, privity, or knowledge of Petitioner, or anyone for who Petitioner is or at any time was responsible, the following claim and demand has been asserted against Petitioner as follows: *Manuel Garcia III v. RLB Contracting, In*c.; Cause No. 2016-DCL-00662; 445th Judicial District Court of Cameron County, Texas – Personal Injury claim – Plaintiff's Attorney, Anthony Buzbee of The Buzbee Law Firm.

X.

Petitioner avers that the amount of the damages and/or claims described above and claimed by Manual Garcia III and all other possible claims against Petitioner and the JONATHON KING BOYD greatly exceed the amount or value of Petitioner's interest in the JONATHON KING BOYD and her pending freight, if any.

XI.

The value of Petitioner's interest in the JONATHON KING BOYD at the end of the above-described voyage did not exceed NINE HUNDRED FIFTEEN THOUSAND and NO/100 DOLLARS ($915,000.00). (See Ex. A-1 and A-15).

4

XII.

Petitioner offers and files contemporaneously herewith an *Ad Interim* Stipulation for Value into this Honorable Court of the aggregate amount of Petitioner's interest in the JONATHON KING BOYD at the termination of her voyage as aforesaid, with interest at the rate of six (6%) percent per annum from the date of the Stipulation, and for all costs; and in addition thereto, Petitioner is prepared to give bond or stipulation for any amount in excess of the *Ad Interim* Stipulation as may be ascertained and determined to be necessary under any orders of this Honorable Court, as provided by the law of the United States and the Federal Rules of Civil Procedure.

XIII.

Petitioner avers that there are no unsatisfied liens or claims of liens in contract or in tort, arising on the voyage referred to above, so far as known to Petitioner, and except as herein set forth.

XIV.

Petitioner further specifically avers that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on its behalf, but also on behalf of its liability underwriters, which shall be entitled to exoneration from or limitation of liability to the same extent as Petitioner, and whose liability in the premises, if any, shall accordingly not exceed Petitioner's liability, if any.

XV.

All and singular, the premises of this Complaint are true and correct within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Petitioner prays:

a. That this Honorable Court enter an Order approving as to quantum, form and surety the *Ad Interim* Stipulation for Value filed by Petitioner herein on which Petitioner is principal in the amount of NINE HUNDRED FIFTEEN THOUSAND and NO/100 DOLLARS ($915,000.00), with six (6%) percent per annum interest from the date of such Stipulation, pending any appraisement as may be ordered by the Court of the amount of Petitioner's interest in said vessel and her pending freight, if any;

b. That upon filing of the foregoing *Ad Interim* stipulation, this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Petitioner and its insurers and underwriters, or against the JONATHON KING BOYD or any other property owned by Petitioner, other than in these proceedings;

c. That the Court cause a Notice to be issued to all persons, firms and corporations having or alleging to have claims by reasons of the matters and happenings recited in the above and foregoing Complaint, admonishing them to appear and file their claims with the Clerk of this honorable Court, on or before a date to be fixed by the Court and as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the premises of this Complaint;

d.  That the Court adjudge that Petitioner, its insurers and underwriters and/or the vessel JONATHON KING BOYD are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings recited in the above foregoing Complaint;

e.  That in the alternative, if the Court should adjudge that Petitioner or its insurers or underwriters are liable to any extent in the premises, the Court then adjudge that the liability of Petitioner and its insurers or underwriters shall be limited to the amount of their interest in the vessel JONATHON KING BOYD and her pending freight, if any, at the time of the incident aforesaid; and in that event, the amount representing the value of Petitioners interest in the JONATHON KING BOYD shall be divided pro rata among claimants having made due proof of their respective claims; and that a decree be entered discharging Petitioner and its insurers or underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Petitioner, its insurers or underwriters, in consequence or arising out of or connected with the matters and happenings recited in the above and foregoing Complaint; and

f.  That Petitioner may have such other and further relief in the premises as may be just and proper.

Respectfully submitted,

*/s/ Keith B. Letourneau*
Keith B. Letourneau
Attorney-In-Charge
State Bar No. 00795893
Federal Bar No. 20041
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601

        Facsimile:  (713) 228-6605
        Email: kletourneau@blankrome.com
        Email: jhuffman@blankrome.com

*Attorneys for **RLB CONTRACTING, INC.***

**OF COUNSEL:**
Jay T. Huffman
State Bar No. 24059980
Federal I.D. No. 870092
**BLANK ROME LLP**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF RLB CONTRACTING, INC. AS OWNER OF THE JONATHON KING BOYD, ITS ENGINES, GEAR, TACKLE, ETC. IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § | Civil Action No. _____<br><br>(ADMIRALTY – Pursuant to Rule 9(h)) |

## AFFIDAVIT

STATE OF TEXAS           :

COUNTY OF HARRIS     :

BEFORE ME, the undersigned authority, personally came and appeared Randy Boyd, who after being duly sworn, did state that he is President of RLB Contracting, Inc., Petitioner in the foregoing Complaint; that he has read the above and foregoing Complaint; and that all of the allegations of fact therein contained are true and correct to the best of this knowledge and belief, based upon the information contained in his files and/or discussions with employees of RLB Contracting, Inc.

_____
Randy Boyd

SWORN TO AND SUBSCRIBED before me this ⎯14th⎯ day of June, 2016.

_____
Notary Public


Pamela Lundin
My Commission Expires
06/05/2017