United States District Court
Southern District of Texas
**ENTERED**
December 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RLB CONTRACTING, INC., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-156 |
| | § | |
| MANUEL GARCIA III, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On December 8, 2016, the Court ruled on Claimant's pending Opposed Motion to Lift Stay (Dkt. 24) was before the Court in a Motion Hearing. Dkt. 30. Because an Entry of Default was ordered and the Motion to Lift Stay was no longer opposed, the Court denied the Motion as moot. The Court now **VACATES** its denial of Defendant's Motion to Lift Stay and hereby **GRANTS** the Motion.

The Claimant's Motion sought relief under the Jones Act's "savings to suitors" clause. 28 U.S.C. § 1333(1). The Fifth Circuit has held that "claims may proceed outside the limitation action . . . if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court. *In re Tetra Applied Technologies LP*, 362 F.3d 338, 341 (5th Cir. 2004) (relying upon *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001). Here, the sole Claimant stipulated to this Court's exclusive jurisdiction over Petitioner's limitation of liability suit. He further stipulated that he will not seek to enforce any judgment or ruling

by a state court in excess of $915,000, the amount established as the proper limitation fund.

It is therefore **ORDERED** that the stay against sole Claimant Manuel Garcia pursuing his state claim against RLB Contracting, Inc. is hereby **LIFTED**.

SIGNED at Galveston, Texas, this 15th day of December, 2016.

_____
George C. Hanks Jr.
United States District Judge